Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038-2401
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Coach Services, Inc.*

ORIGINAL
FILED

08 JUL -1 AM II: 34

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 08 03163 EDL

COACH SERVICES, INC., a Maryland Corporation,

Plaintiff,

vs.

KI'S CLOTHING, an unknown business entity; NEIKIATH BROOKS, an individual; and DOES 1-10, inclusive,

Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES:**

*1.*     *TRADEMARK*
         *INFRINGEMENT*
         *(15 U.S.C. §1114);*

*2.*     *FALSE OR MISLEADING*
         *DESCRIPTIONS AND*
         *REPRESENTATIONS, AND*
         *DILUTION*
         *(15 U.S.C. §1125);*

*3.*     *COMMON LAW UNFAIR*
         *COMPETITION;*

*4.*     *INJURY TO BUSINESS*
         *REPUTATION; DILUTION;*
         *(Cal. Bus. & Prof. Code*
         *§14330)*

*5.*     *UNJUST ENRICHMENT*

         *JURY TRIAL DEMANDED*

1    Plaintiff Coach Services, Inc., ("Coach" or "Plaintiff") for the claims against
2    Defendants Ki's Clothing ("Ki's" or "Defendant") and Neikiath Brooks (hereinafter,
3    collectively, "Defendants"), and DOES 1-10, inclusive, respectfully alleges as
4    follows:

5                          **JURISDICTION AND VENUE**

6    1.    Plaintiff filed this action against Defendants for trademark
7    counterfeiting and infringement, and trademark dilution under the Lanham
8    Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related
9    claims of unfair competition and trademark dilution under the statutory and common
10   law of the State of California.  This Court has subject matter jurisdiction over the
11   Federal trademark counterfeiting and infringement and trademark dilution claims
12   under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

13   2.    This Court has personal jurisdiction over Defendants because
14   Defendants are business entities organized and existing under the laws of the state of
15   California, and/or reside in the State of California, and/or do business within the
16   state of California.

17   3.    This action arises out of wrongful acts, including advertising, offering
18   for sale, selling and distributing products by Defendants within this judicial district.
19   Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims
20   asserted arise in this district.

21                              **THE PARTIES**

22   4.    Plaintiff Coach is a corporation organized and existing under the laws of
23   the State of Maryland, with an office and principal place of business in New York,
24   New York.

25   5.    Upon information and belief, Defendant Ki's Clothing is an unknown
26   business entity located at 1923 International Boulevard, Oakland, California 94606.

27   6.    Upon information and belief, Defendant Neikiath Brooks is an
28   individual who operates Ki's Clothing, and resides in the city of Oakland, California.

915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

2.

1    7.    Plaintiff is unaware of the names and true capacities of Defendants,

2  whether individual, corporate and/or partnership entities, named herein as DOES 1

3  through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff

4  will seek leave to amend its complaint when their true names and capacities are

5  ascertained. Plaintiff is informed and believes and based thereon alleges that said

6  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for

7  the wrongs alleged herein, and that at all times referenced each was the agent and

8  servant of the other Defendants and was acting within the course and scope of said

9  agency and employment.

10    8.    Plaintiff is informed and believes, and based thereon alleges, that at all

11  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

12  reasonably should have known of the acts and behavior alleged herein and the

13  damages caused thereby, and by their inaction ratified and encouraged such acts and

14  behavior. Plaintiff further alleges that Defendants and DOES 1 through 10,

15  inclusive, had a non-delegable duty to prevent or cause such acts and the behavior

16  described herein, which duty Defendants and DOES 1 through 10, inclusive, failed

17  and/or refused to perform.

18                    **NATURE OF ACTION**

19    9.    Plaintiff seeks injunctive relief, damages and a declaratory judgment

20  based upon Defendants' unfair competition with Plaintiff arising from Defendants'

21  infringement and dilution of Plaintiff's trademarks. Defendants' infringement has

22  impacted both upon Plaintiff's rights directly as well as Plaintiff's ability to maintain

23  consumer satisfaction. In this regard, it is noteworthy that most, if not all, of the

24  infringing items below were presented in a confusingly deceptive manner, they are of

25  obvious inferior quality when compared to authentic products of Plaintiff's

26  trademarks, and they are priced in such a way that the implication to the buying

27  public is that these items are indeed genuine.

28  / / /

BURNEY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

1    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2    **A.    COACH's Family of Trademarks, Logos and Designs**

3    10.    Coach was founded more than sixty years ago as a family-run workshop

4  in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture,

5  marketing, and sale of fine leather and mixed material products including handbags,

6  wallets, travel cases, briefcases, planners and diaries, leather goods, watches,

7  eyewear, footwear, apparel, and accessories.

8    11.    Coach is the worldwide owner of the trademark "COACH" and various

9  composite trademarks and assorted design components ("Coach Trademarks").

10  Coach trademarks include but are not limited to the following marks:

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

4.

915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| COACH | 751,493 | 6/25/63 |
| | 1,071,000 | 8/9/77 |
| | 2,088,706 | 8/19/97 |
| | 3,157,972 | 10/17/06 |
| | 3,354,448 | 12/11/07 |
|  "Coach and Lozenge Design" | 1,070,999 | 8/8/77 |
| | 1,309,779 | 12/18/84 |
| | 2,045,676 | 3/18/97 |
|  "CC Design" | 2,626,565 | 9/24/02 |
|  "Coach Est. 1941 Circle Design" | 3,251,315 | 6/12/07 |

12.    Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. These registrations are valid, subsisting and are incontestable. Through longstanding use, advertising and registration, the Coach Trademarks have achieved a high degree of consumer recognition and constitute famous marks.

/ / /

1    13.    Coach and its predecessors have continuously used the Coach
2 Trademarks in interstate commerce in connection with the sale, distribution,
3 promotion, and advertising of its goods for four decades.

4    14.    Coach has used the CC Design in association with the sale of handbags
5 and other leather and/or mixed material goods since as early as 2001.

6    15.    Coach and its predecessors have achieved sales volumes of over two
7 billion dollars annually from goods bearing the Coach Trademarks.  As such, the
8 Coach Trademarks and the goodwill associated therewith are valuable assets of
9 Coach.

10    16.    Coach and its predecessors have expended over a hundred million
11 dollars in advertising, promoting, and marketing goods featuring the Coach
12 Trademarks.

13    17.    Due to Coach and its predecessors' long use, extensive sales and
14 significant advertising and promotional activities, the Coach Trademarks have
15 achieved widespread acceptance and recognition among the consuming public and
16 the trade throughout the United States.  The arbitrary and distinctive Coach
17 Trademarks identify Coach as the source/origin of the goods on which it appears.

18    **B.    Defendants' Infringing Use of the Coach Trademarks**

19    18.    This lawsuit concerns infringement upon Coach Trademarks by each of
20 the Defendants.  Each Defendant, with one product or more, violated Plaintiff's
21 rights in and to one or more of its trademarks.

22    19.    Upon information and belief, Defendants are distributing, advertising,
23 promoting, selling and/or offering for sale handbags and leather goods bearing
24 counterfeit reproductions of the Coach Trademarks.

25    20.    On or about April 28, 2008, Plaintiff's investigators with members of
26 the Oakland Police Department and the Alameda County District Attorney's Office
27 traveled to Ki's Clothing located at 1923 International Boulevard in the city of
28 Oakland, California, to serve a search warrant.  Investigators seized various

6.

1  counterfeit products, including counterfeit Coach-branded purses and wallets.

2      21.    Plaintiff's representatives reviewed samples of the counterfeits seized

3  and/or surrendered, and have confirmed that Defendants are not authorized to

4  distribute, promote, advertise, sell, and/or offer to sell any products bearing

5  reproductions of the Coach Trademarks.

6                          **FIRST CLAIM FOR RELIEF**

7                  **(Trademark Infringement Under the Lanham Act)**

8      22.    Plaintiff incorporates herein by reference the averments of the preceding

9  paragraphs as though fully set forth herein.

10     23.    Plaintiff's Coach Trademarks are nationally recognized, including

11  within the Northern District of California, as being affixed to goods and merchandise

12  of the highest quality and coming from Coach.

13     24.    The registrations embodying the Coach Trademarks are in full force

14  and effect and Plaintiff has authorized responsible manufacturers and vendors to sell

15  merchandise with these marks.

16     25.    Defendants' unauthorized use of Plaintiff's trademarks on inferior

17  quality merchandise in interstate commerce and advertising relating to same

18  constitutes false designation of origin and a false representation that the goods are

19  manufactured, offered, sponsored, authorized, licensed by or otherwise connected

20  with Plaintiff or come from the same source as Plaintiff's goods and are of the same

21  quality as that assured by the Coach Trademarks.

22     26.    Defendants' use of the Plaintiff's trademarks is without Plaintiff's

23  permission or authority and in total disregard of Plaintiff's rights to control its

24  trademarks.

25     27.    Defendants' activities are likely to lead to and result in confusion,

26  mistake or deception, and are likely to cause the public to believe that Plaintiff has

27  produced, sponsored, authorized, licensed or is otherwise connected or affiliated

28  with Defendants' commercial and business activities, all to the detriment of Plaintiff.

1    28.    Upon information and belief, Defendants' acts are deliberate and

2   intended to confuse the public as to the source of Defendants' goods or services and

3   to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with

4   Plaintiff's trademarks.

5        29.    Defendants' acts violate the Lanham Act.

6        30.    As a direct and proximate result of Defendants' willful and/or

7   unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its

8   business and reputation unless Defendants are restrained by this Court from

9   infringing Plaintiff's Trademarks.

10        31.    Plaintiff has no adequate remedy at law.

11        32.    In light of the foregoing, Plaintiff is entitled to injunctive relief

12   prohibiting Defendants from using the Coach Trademarks for any purpose, and to

13   recover from Defendants all damages, including attorneys' fees, that Plaintiff has

14   sustained and will sustain as a result of such infringing acts, and all gains, profits and

15   advantages obtained by Defendants as a result thereof, in an amount not yet known,

16   as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and treble damages

17   pursuant to 15 U.S.C. § 1117(b).

18                    **SECOND CLAIM FOR RELIEF**

19        **(False Designations of Origin, False Descriptions, and Dilution)**

20        33.    Plaintiff incorporates herein by reference the averments of the preceding

21   paragraphs as though fully set forth herein.

22        34.    Plaintiff's Coach Trademarks are "famous" within the meaning of the

23   Lanham Act.

24        35.    On information and belief, Defendants have used in commerce in

25   connection with the sale of its products counterfeit reproductions of Plaintiff's

26   trademarks, which is likely to cause, and most likely has caused, confusion or

27   mistake as to the affiliation, connection, or association between Defendants and

28   Plaintiff, or as to the origin, sponsorship, or approval of said counterfeit goods by

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

1  Plaintiff.

2      36.    Defendants' acts described above have diluted and continue to dilute
3  Plaintiff's unique and distinctive trademarks.  These acts violate the Lanham Act,
4  have injured and, unless immediately restrained, will continue to injure Plaintiff,
5  causing damage to Plaintiff in an amount to be determined at trial, as well as
6  irreparable injury to Plaintiff's goodwill and reputation associated with the value of
7  Plaintiff's trademarks.

8      37.    Upon information and belief, Defendants' unlawful actions began long
9  after Plaintiff's Coach Trademarks became famous.

10     38.    Upon information and belief, Defendants acted knowingly, deliberately
11  and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's
12  Coach Trademarks.  Defendants' conduct is willful, wanton and egregious..

13     39.    Plaintiff has no adequate remedy at law to compensate it fully for the
14  damages that have been caused and which will continue to be caused by Defendants'
15  unlawful acts, unless they are enjoined by this Court.

16     40.    In light of the foregoing, Plaintiff is entitled to injunctive relief
17  prohibiting Defendants from using Plaintiff's trademarks, and to recover all
18  damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and
19  all gains, profits and advantages obtained by Defendants as a result of their
20  infringing acts alleged above in an amount not yet known, and the costs of this
21  action.

22              **THIRD CLAIM FOR RELIEF**
23              **(Common Law Unfair Competition)**

24     41.    Plaintiff incorporates herein by reference the averments of the preceding
25  paragraphs as though fully set forth herein.

26     42.    Plaintiff owns and enjoys common law trademark rights in California
27  and throughout the United States.

28  / / /

915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

9.

1    43.    Defendants' unlawful acts in appropriating rights in Plaintiff's common
2  law trademarks were intended to capitalize on Plaintiff's goodwill for Defendants'
3  own pecuniary gain. Plaintiff has expended substantial time, resources and effort to
4  obtain an excellent reputation for itself and its family of Marks. As a result of
5  Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from
6  property rights that rightfully belong to Plaintiff.

7    44.    Defendants' unauthorized use of Plaintiff's Coach Trademarks have
8  caused and is likely to cause confusion as to the source of Defendants' clothing, all
9  to the detriment of Plaintiff.

10    45.    Defendants' acts are willful, deliberate, and intended to confuse the
11  public and to injure Plaintiff.

12    46.    Defendants' acts constitute unfair competition under California
13  common law.

14    47.    Plaintiff has been irreparably harmed and will continue to be irreparably
15  harmed as a result of Defendants' unlawful acts unless Defendants are permanently
16  enjoined from their unlawful conduct.

17    48.    The conduct herein complained of was extreme, outrageous, fraudulent,
18  and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct
19  was despicable and harmful to Plaintiff and as such supports an award of exemplary
20  and punitive damages in an amount sufficient to punish and make an example of the
21  Defendants and to deter Defendants from similar conduct in the future.

22    49.    Plaintiff has no adequate remedy at law.

23    50.    In light of the foregoing, Plaintiff is entitled to injunctive relief
24  prohibiting Defendants from using Plaintiff's Coach Trademarks, and to recover all
25  damages, including attorneys' fees, that Plaintiff has sustained and will sustain and
26  all gains, profits and advantages obtained by Defendants as a result of their
27  infringing acts alleged above in an amount not yet known, and the costs of this
28  action.

BARKLEY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

## FOURTH CLAIM FOR RELIEF

### (Violation of California's Anti-Dilution Statute, California Business and Professions Code Section 14330)

51.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52.    Plaintiff's Coach Trademarks are distinctive marks in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and wide spread publicity of the marks in the State of California.

53.    As a result of Plaintiff's trademarks' substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and publicity of the marks in the State of California, Plaintiff's trademarks have become strong and are widely renown.

54.    The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiff's trademarks which are famous.

55.    The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14330 of the California Business and Professions Code.

56.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

57.    By reason of the foregoing, Plaintiff is being damaged by Defendants' unauthorized and illegal use of Plaintiff's trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 14330 of the California Business and Professions Code from using any of

11.

915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

1  Plaintiff's trademarks.

2      58.   Plaintiff will be irreparably injured by the continued acts of Defendants,
3  unless such acts are enjoined.

4      59.   Plaintiff has no adequate remedy at law.

5  **FIFTH CLAIM FOR RELIEF**

6  **(Unjust Enrichment)**

7      60.   Plaintiff incorporates herein by reference the averments of the preceding
8  paragraphs as though fully set forth herein.

9      61.   The acts complained of above constitute unjust enrichment of
10  Defendants at Plaintiff's expense, in violation of the common law of the State of
11  California.

12  **PRAYER FOR RELIEF**

13      **WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in
14  its favor and against Defendants as follows:

15      A.   Granting temporary, preliminary and permanent injunctive relief
16  restraining Defendants, their agents, servants, employees, officers, associates,
17  attorneys, and all persons acting by, through, or in concert with any of them, from:
18  (1) using any of Plaintiff's trademarks or committing any other act which falsely
19  represents or which has the effect of falsely representing that the goods and services
20  of Defendants are licensed by, authorized by, offered by, produced by, sponsored by,
21  or in any other way associated with Plaintiff; (2) otherwise infringing Plaintiff's
22  registered and common law family of marks; (3) otherwise diluting Plaintiff's family
23  of marks; and (4) unfairly competing with Plaintiff.

24      B.   Awarding actual damages suffered by Plaintiff as a result of
25  Defendants' acts;

26      C.   Ordering an accounting by Defendants of all gains, profits and
27  advantages derived from their wrongful acts;

28      D.   Ordering Defendants to disgorge their profits;

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401

1    E.    Awarding Plaintiff all of Defendants' profits and all damages sustained
2  by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory
3  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.
4  §1117(a);

5    F.    Awarding treble damages in the amount of Defendants' profits or
6  Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15
7  U.S.C. §1117(b);

8    G.    Awarding applicable interest, costs, disbursements and attorneys' fees,
9  pursuant to 15 U.S.C. §1117(b);

10    H.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c).

11    I.    Awarding Plaintiff such other and further relief as the Court deems just
12  and proper.

13  DATED: June 27, 2008        BLAKELY LAW GROUP

16  By:    _____
               Brent H. Blakely
17             Cindy Chan
18             *Attorneys for Plaintiff*
               *Coach Services, Inc.*
19  **DEMAND FOR JURY TRIAL**

20    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff
21  hereby demands a trial by jury as to all claims in this litigation.

22  DATED: June 27, 2008        BLAKELY LAW GROUP

25  By:    _____
               Brent H. Blakely
26             Cindy Chan
27             *Attorneys for Plaintiff*
28             *Coach Services, Inc.*

13.

915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401